UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| In Re: | BK No.: 13-8554 |
| PHILIP MOY AND ERMEI JIANG-MOY | Chapter: 11 |
| | Honorable Pamela S. Hollis |
| Debtor(s) | |

### FINAL ORDER AUTHORIZING USE OF CATHAY BANK'S CASH COLLATERAL PURSUANT TO § 363(c)(2) AND BANKRUPTCY RULE 4001(b)

This matter coming to be heard on Debtors' and Debtors' in Possession, Philip Moy and Ermei Jiang Moy, Motion For Use Cash Collateral Pursuant To § 363(c)(2) and (3) of the Bankruptcy Code and Bankruptcy Rule 4001(b) and to Grant Adequate Protection (the "Motion"), due and proper notice having been served, and this Court having jurisdiction over the parties and subject matter and being otherwise fully advised in the premises;

CATHAY BANK AND THE DEBTORS STIPULATE AS FOLLOWS:
1. On March 5, 2013, the Debtors filed a Voluntary Petition for relief under Chapter 11 of the United States Bankruptcy Code. The Debtors have continued in possession of their property and are managing their buildings as a Debtor-in-Possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, and no Trustee has been appointed.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, venue is proper in this district, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(M) and (O).

3. The Debtors owns seven parcels of rental real estate securing Cathay Bank's debt, commonly known by the following addresses:

Property Address:

2608 South Wentworth
Chicago, Illinois 60616

8639-47 South Cottage Grove
Chicago, Illinois 60619

225 West Cermak Road
Chicago, Illinois 60616

8609-17 South Cottage Grove
Chicago, Illinois 60619

2604 South Wentworth
Chicago, Illinois 60616

8633-37 1/2 South Cottage Grove
Chicago, Illinois 60619

2614 South Wentworth
Chicago, Illinois 60616

(collectively, the "Real Property").

4. Cathay Bank ("Cathay") is a secured creditor of the Debtors by virtue of mortgages and mortgage modifications executed by the Debtors in favor of NAB Bank n/k/a Cathay Bank Between December 7, 2000, and August 27, 2010, as security for promissory notes executed contemporaneously with the mortgages.

5. To secure the Debtors' obligation to pay all amounts due under to Cathay arising under each promissory note, the Debtors granted Cathay a security interest in the rents received from each Real Property through an Assignment of Rents (the "Collateral"), each of which was executed contemporaneously with the Real Property mortgages.

6. As of the Petition Date, the approximate amount claimed due and owing by Cathay related to each of its Notes is as follows:

| Property Address | PIN | Principal Balance |
|---|---|---|
| 2608 South Wentworth<br>Chicago, Illinois 60616 | 17-28-403-016-0000 | $51,619.36 |
| 8639-47 South Cottage Grove<br>Chicago, Illinois 60619 | 20-35-314-017-0000<br>20-35-314-018-0000<br>20-35-314-018-0000 | $148,507.94 |
| 225 West Cermak Road<br>Chicago, Illinois 60616 | 17-28-202-050-0000 | $276,487.91 |
| 8609-17 South Cottage Grove<br>Chicago, Illinois 60619 | 20-35-314-005-0000<br>20-35-314-006-0000<br>20-35-314-007-0000 | $314,508.49 |
| 2604 South Wentworth<br>Chicago, Illinois 60616 | 17-28-403-014-0000 | $173,604.41 |
| 8633-37 1/2 South Cottage Grove<br>Chicago, Illinois 60619 | 20-35-314-014-0000<br>20-35-314-015-0000<br>20-35-314-016-0000 | $125,891.10 |
| 2614 South Wentworth<br>Chicago, Illinois 60616 | 17-28-403-018-0000 | $164,888.80 |

(the "Mortgage Balances").

7. Cathay asserts it has valid liens upon the Collateral.

8. Any proceeds of the Collateral including cash and cash equivalents constitute cash collateral within the meaning of 11 U.S.C. § 363.

9. An immediate need exists for the Debtors to use cash collateral in order to continue the operations of the Real Property.

10. The Debtors have agreed to grant Cathay a continuing post-petition replacement lien to the same extent and with the same priority as it held prepetition on the Collateral, without any further action by the Debtors or Cathay and without execution or recording any financing statements, security agreements, or other documents.

11. The Mortgage Balances listed herein are for purposes of this Cash Collateral Order only, and is without prejudice to either Cathay or the Debtors and shall not constitute an admission by Cathay or the Debtors as the amounts due and interest rate to be applied in any plan of reorganization.

12. Notice of this Motion has been sent to all creditors and parties in interest, including the twenty (20) largest unsecured creditors in this Chapter 11 case, in accordance with Bankruptcy Rule 4001 and Rule 1007(d).

IT IS THEREFORE ORDERED THAT:

A. The Debtor's Motion For Use of Cash Collateral Pursuant To § 363(c)(2) and (3) of the Bankruptcy Code and Bankruptcy Rule 4001(b) and to Grant Adequate Protection is granted.

B. Based on the agreement between Cathay Bank as secured creditor, and Debtors, and to avoid immediate and irreparable harm to the Debtors and their estate, the Debtors are authorized to use cash collateral upon the terms and conditions contained in this Order.

C. As and for adequate protection to Cathay Bank for the use of its Cash Collateral and its Collateral, Cathay Bank is hereby granted and shall have: (1) a replacement lien on the Collateral and all accessions to, substitutions for and all replacements of the foregoing; and (2) provisional, unallocated monthly payments of $5,500.00 to be made from available funds by the 15th of each month following the entry of this order, with such payments to decrease to $4,556.00 each month following the closing of the sale of 8639-47 South Cottage Grove, Chicago, Illinois.

D. The Debtors shall continue to maintain insurance on the Real Property and name Cathay Bank as lienholder and loss payee on said policies.

E. The liens and security interests granted herein to Cathay Bank shall have the same validity, perfection, and enforceability as the pre petition liens held by Cathay Bank without any further action by the Debtors or Cathay and without executing or recording any financing statements, security agreements, or other documents.

F. The Debtors may use cash and Cash Collateral for the payment of insurance premiums on the Real Property, adequate protection payments as set forth in this Cash Collateral Order, all real property taxes as they come due and owing, to pay expenses related to the necessary repairs and maintenance of the Real Property, to pay necessary costs to market and lease the rental units, to pay the approved management fees and all professional fees and expenditures approved by the Bankruptcy Court, payment to the Debtors of a six-percent management fee for all self-managed buildings, and the

payment of all reasonable and necessary business expenditures.

G. If any or all of the provisions of this Order are hereafter modified, vacated or stayed by subsequent order of this Court, such modification or vacation shall not affect the validity of any obligation, debt, or claim or any priority security interest or lien that is or were granted pursuant to this Order, and such matter shall be governed in all respects by the original provisions of this Order.

H. Notice and service of the Motion has been proper and in accordance with applicable law.

Enter:

Dated: MAY -2 2013

United States Bankruptcy Judge

**Prepared by:**
Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID #6216626)
Christina M. Riepel (Atty. ID #6297514)
Rachel D. Stern (Atty. ID #6310248)
53 West Jackson Boulevard, Suite 1442
Chicago, Illinois 60604
(312) 427-1558

Rev: 20120501_bko