IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| PHILIP MOY AND ERMEI JIANG-MOY, | ) | Case No. 13 B 8554 |
| | ) | |
| Debtors. | ) | Hon. Pamela S. Hollis |
| | ) | Hearing Date and Time: |
| | ) | March 31, 2016 at 10:00 a.m. |

## NOTICE OF MOTION

TO: Attached Service List

**PLEASE TAKE NOTICE THAT** on March 31, 2016, at 10:00 a.m., I shall appear before the Honorable Pamela S. Hollis, or any other judge sitting in her stead, in Room 644, 219 South Dearborn Street, Chicago, Illinois, and request a hearing on Debtors' Attorneys' Final Application for Allowance of Compensation and Reimbursement of Costs and Expenses, a copy of which is attached hereto and thereby served upon you.

## CERTIFICATE OF SERVICE

I, the undersigned, an attorney, hereby state that pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System, I caused a copy of the foregoing NOTICE OF MOTION and APPLICATION to be served on all persons set forth on the attached Service List identified as Registrants through the Court's Electronic Notice for Registrants and, as to all other persons on the attached Service List by mailing a copy of same in an envelope properly addressed and with postage fully prepaid and by depositing same in the U.S. Mail, Chicago, Illinois, on the 9th day of March, 2016.

/s/ Gregory K. Stern
Gregory K. Stern

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID #6216626)
Dennis E. Quaid (Atty. ID #02267012)
Rachel S. Sandler (Atty. ID #6310248)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558

## SERVICE LIST

**Registrants Served Through The Court's Electronic Notice For Registrants**

Patrick S. Layng, United States Trustee
219 South Dearborn Street
Suite 873
Chicago, Illinois 60604

Deborah S. Ashen, Esq.
Law Offices of Deborah S. Ashen, Ltd.
217 North Jefferson Street
Suite 600
Chicago, Illinois 60661

Miriam R. Stein
Chuhak &Tecson, P.C.
30 South Wacker Drive
Suite 2600
Chicago, Illinois 60606

**Parties Served Via U.S. Mail**

Philip Moy and Ermei Jiang-Moy
2700 South Wells
Chicago, Illinois 60616

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| PHILIP MOY AND ERMEI JIANG-MOY, | ) | Case No. 13 B 8554 |
| | ) | |
| Debtors. | ) | Hon. Pamela S. Hollis |
| | ) | Hearing Date and Time: |
| | ) | March 31, 2016 at 10:00 a.m. |

**FINAL APPLICATION FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF COSTS AND EXPENSES**

Now Comes Gregory K. Stern, Monica C. O'Brien, Dennis E. Quaid and Rachel S. Sandler of Gregory K. Stern, P.C. (the "Attorneys"), attorneys for Philip Moy and Ermei Jiang-Moy, Debtors and Debtors In Possession, and, pursuant to § 330 of the Bankruptcy Code, request that this Court enter an order allowing final compensation of $168,831.00 for 432.50 hours of legal services rendered to the Chapter 11 Debtors In Possession, reimbursement of costs and expenses in the amount of $1,905.48 and authorizing payment of the unpaid balance of allowed compensation and reimbursement of costs and expenses totaling $137,899.39 and, in support thereof, state as follows:

1.  On March 5, 2013, the Debtors filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code; and, the Debtors, as Debtors In Possession, have continued in possession of their property, pursuant to §§ 1107 and 1108; and, no trustee has been appointed in this case.

2.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157; and, this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.  In accordance with Bankruptcy Rule 2002, notice of this Application has been sent to the Debtors, the United States Trustee and all creditors and parties in interest.

4.  On March 4, 2013, the Debtors and the Attorneys entered into an agreement whereby

the Attorneys agreed to represent the Debtors in a Chapter 11 case in consideration for the Debtors' agreement to pay for professional services rendered in accordance with the Attorneys' hourly fee schedule in effect from time to time.  Prior to filing the Attorneys received an advance payment retainer in the amount of $20,000.00.

5. The rates at which the Attorneys seek compensation are at or below their usual and customary hourly rates charged for bankruptcy work of this nature, performed for other clients.  At all times relevant hereto, the Attorney's hourly services have been billed as follows: Gregory K. Stern and Dennis E. Quaid $465.00, Monica C. O'Brien $440.00, and Rachel D. Stern $250.00[1].

6. On March 26, 2013, this Court entered an Order Authorizing Employment of Attorneys authorizing the employment of the Attorneys, as counsel for the Debtors as Debtors In Possession, with all compensation and reimbursement of expenses subject to further order of this Court.

7. On December 17, 2013, the Attorneys filed their First Application for Allowance of Interim Compensation and Reimbursement of Costs and Expenses (the "First Application") (Docket No. 106) (that is incorporated by reference herein and made a part hereof); and, on or about January 16, 2014, this Court entered an Order Allowing Interim Compensation and Reimbursement of Costs and Expenses (Docket No. 126) of $59,238.00 to Counsel for 179.10 hours of professional services rendered and reimbursement of $1,518.15 of costs expended from March 4, 2013 through December 13, 2013.

8. On December 29, 2014, the Attorneys filed their Second Application for Allowance of Interim Compensation and Reimbursement of Costs and Expenses (the "Second Application") (Docket No. 203) (that is incorporated by reference herein and made a part hereof);

---

[1] The Attorneys' hourly fees were increased effective on or about January 16, 2014

and, on or about January 20, 2015, this Court entered an Order Allowing Interim Compensation and Reimbursement of Costs and Expenses (Docket No. 217) of $47,136.00 to Counsel for 113.60 hours of professional services rendered and reimbursement of $161.73 of costs expended from December 19, 2013 through December 19, 2014.

9. On December 8, 2015, the Attorneys filed their Third Application for Allowance of Interim Compensation and Reimbursement of Costs and Expenses (the "Third Application") (Docket No. 303) (that is incorporated by reference herein and made a part hereof); and, on or about January 7, 2016, this Court entered an Order Allowing Interim Compensation and Reimbursement of Costs and Expenses (Docket No. 316) of $47,136.00 to Counsel for 113.60 hours of professional services rendered and reimbursement of $161.73 of costs expended from December 20, 2014 through November 30, 2015.

10. The Attorneys have received post petition payments aggregating $12,837.09 towards the allowed interim compensation and reimbursement of costs awarded in the First, Second and Third Applications.

11. The Attorneys have expended an additional 37.50 hours of professional services from December 1, 2015 through March 9, 2016, as more fully set forth in the Time Sheets attached hereto and made a part hereof.

12. The professional services rendered from December 1, 2015 through March 9, 2016 have been separated into six (6) service categories, and the professional time spent within each category are as follows:

| SERVICE CATEGORY | HOURS |
|---|---|
| A. General Case Administration | 3.90 |
| B. Cash Collateral | -0- |
| C. Claims | 16.70 |
| D. Plan and Disclosure Statement | 7.20 |
| E. Sales of Estate Property | -0- |

|  |  |
|---|---|
| F. Professionals | 9.70 |
| **TOTAL:** | **37.50** |

13.     The professional services rendered from March 4, 2013 through March 9, 2016 have been separated into six (6) service categories, which have been separated and identified solely for the purposes of summarizing with specificity the services rendered on behalf of the Debtors In Possession, the Reorganized Debtors and for the benefit of their estate.  These service categories and the professional time spent within each category are as follows:

| **SERVICE CATEGORY** | **HOURS** |
|---|---|
| A. General Case Administration | 63.00 |
| B. Cash Collateral | 36.00 |
| C. Claims | 68.30 |
| D. Plan and Disclosure Statement | 134.80 |
| E. Sales of Estate Property | 91.40 |
| F. Professionals | 39.00 |
| **TOTAL:** | **432.50** |

14.     The professional services were rendered within the service categories as follows:

A.     **General Case Administration**: This service category involved 63.00 hours of services that included: **1)** Meetings, teleconferences and correspondence with Debtors regarding representation of Debtors in Possession, books, records and information required, Debtors in Possession operations, property management, investigation and documentation of assets, Operating Instructions and Reporting Requirements, operating reports, DIP account, insurance, payment of U.S. Trustee statutory fees, case status, notices, case goals and strategy, Chapter 11 Schedules and Statement of Financial Affairs, case disclosures, meeting of creditors, Cermak alleged code violations and City of Chicago suit, and communications with parties in interest; **2)** Meetings, teleconferences and correspondence with creditors and creditors' attorneys regarding Chapter 11 case, loan restructuring proposals; **3)** Communications with management company relating to property operations, insurance, leasing and marketing efforts and miscellaneous matters; **4)** Meetings, teleconferences and correspondence with Special Counsel regarding Chapter 11 case status, loan restructuring proposals, plan, refinancing of properties, marketing efforts for sale of

properties; **6)** Communications with management company relating to property operations, insurance, leasing and marketing efforts and miscellaneous matters; **7)** Reviewing Debtors' books, records, documents, insurance, tax returns, financial statements, promissory notes, mortgages, assignment of rents, and other relevant documentation; **8)** Drafting Schedules of Twenty Largest Unsecured Creditors, Chapter 11 Schedules and Statement of Financial Affairs, Amended Schedules, Motion to Set Claims Bar Date, Notices of Motion and Orders; **9)** Representation at meetings with U.S. Trustee and court hearings; **10)** Review of Operating Reports and communications with Accountants regarding same; and, **11)** General case administration matters.

B. **Cash Collateral** - This service category involved 36.00 hours of services that included: **1)** Reviewing loan documents and mortgage; **2)** Communications with Debtors and secured creditor's attorneys regarding budgetary issues, adequate protection payments, use of cash collateral, payment of real estate taxes and hearings on use of cash collateral; **3)** Drafting Motion to Use Cash Collateral, Notices and Orders; **4)** Teleconferences, meetings and communications with Debtors regarding DIP budget, cash collateral hearings and adequate protection and tax payments; **5)** Preparation for contested final hearing on Motion to Use Cash Collateral; **6)** Settlement negotiations with counsel for Cathay Bank related to final hearing on Motion to Use Cash Collateral; and, **7)** Representation of Debtors at court hearings.

C. **Claim Actions** - This service category involved 68.30 hours of services that included: **1)** Reviewing Claims Register and Proof(s) of Claim and attachments; **2)** Drafting summary analysis of claims and objections; **3)** Communications with Cathay Bank attorneys regarding secured claim, production of documents in support of same, cross collateralization provisions of mortgages, amounts claimed due, Adversary Complaint to Determine Extent, Validity and Priority of Cathay Liens and drafts of Motion To Compromise and Settle Claims ; **4)** Drafting Motion for Contempt, Reply in Support of Objection to Cathay Proof of Claim, Adversary Complaint to Determine Extent, Validity and Priority of Cathay Liens and discovery requests; **5)** Analysis and research relating to Cathay Bank Proof of Claim, Cathay mortgages and cross collateralization provisions; **6)** Reviewing and analyzing Cathay Motion to Dismiss Adversary and

Answer to Adversary Complaint; **7)** Court – Representation of Debtors at Court hearings relating to Adversary Complaint; and, **8)** Reviewing other proof of claims and communications with creditors.

        D.    **Plan and Disclosure Statement** - This service category involved 134.80 hours of services related to drafting the Debtors' Plan and Disclosure Statement, and included the following: **1)** Draft and revise term sheet of debt restructuring relating to Cathay Bank claim; **2)** Draft Chapter 11 Plan of Reorganization, Disclosure Statement and amendments; **3)** Teleconferences, correspondence and meetings with Debtors and Special Counsel regarding Plan, Disclosure Statement, restructuring terms for secured creditors, plan projections and related matters; **4)** Communications with UST and creditors regarding case status, Plan and Disclosure Statement process, negotiations with Cathay Bank and sale of properties; **5)** Teleconferences, correspondence and meetings with secured creditors attorneys regarding term sheet, restructuring proposals, Plan terms, Cathay Objection to Disclosure Statement and Plan, Cathay Bank Motion to Modify Stay, cash flow projections, sale of Cottage Grove properties and designation of additional properties to sell and fund plan and exit from Chapter 11; **6)** Teleconferences and correspondence with Pacific Global Bank attorney regarding Plan terms, treatment of secured claim, Cathay Bank and timing issues for confirming Plan and exiting Chapter 11; **7)** Teleconferences with Debtors' accountant and property manager regarding income, expenses, restructuring terms and cash flow projections; **8)** Continuing examination and investigation of Cathay Bank secured claims; **9)** Draft and revise cash flow statements, liquidation analysis, consolidated operating reports required for Disclosure Statement, Notice of Hearing on Adequacy of Disclosure Statement, Response to Cathay Bank objections, Motion for 2004 Examination of Cathay Bank regarding its objection to Plan and Orders; and, **10)** Representation of Debtors at Plan and Disclosure Statement court hearings.

        E.    **Sales of Estate Property** - This service category involved 91.40 hours of services that included: **1)** Communications with real estate broker regarding marketing properties, soliciting and negotiating purchase offers; **2)** Reviewing and negotiating sale contracts and supplement; **3)** Extensive communications with Cathay Bank attorneys relating to sale of Cottage Grove properties, closing sale of 8633 Cottage Grove, real estate taxes and water bills, amounts claimed due by Cathay

Bank, cross collateralization provisions of Cottage Grove mortgages; **4)** Reviewing due diligence provisions of sale contract and assembling leases, rent rolls and other documentation and communications with Debtors and management company relating to compliance with obligation for same; **5)** Teleconferences, meetings and communications with Debtors and Special Counsel regarding sale contracts, due diligence obligations, leases, rent rolls, title commitment; **6)** Teleconferences and communications with UST's office regarding Motions to Sell and sale process; **7)** Communications with buyer's attorney regarding contract, contract revisions, breach of contract and settlement of same, due diligence, leases, title commitment, real estate taxes, estoppel certificates, evictions and closing; **8)** Drafting Motions to Sell Real Property, Motions to Reject Leases, Motion to Disburse Sale Proceeds, Notices, Orders and closing documents and statement; and, **9)** Representation of Debtors at Court hearings and real estate closing.

F. **Professionals**: This service category involved 39.00 hours of professional services that included: **1)** Drafting Applications to Employ Counsel, Property Manager, Broker and Special Counsel, Affidavits, Notices and Orders; **2)** Communications with property manager/broker, replacement property manager and special counsel relating to employment by DIP and review and negotiation of property management agreement; **3)** Reviewing and revising Time Sheets; **4)** Drafting Attorneys' First, Second and Third Applications For Allowance of Interim Compensation and Reimbursement of Costs and Expenses, and Final Application For Allowance of Compensation and Reimbursement of Costs and Expenses, Notices and Orders. **5)** Accountants First and Final Applications For Allowance of Compensation and Reimbursement of Costs and Expenses, Notices and Orders, **6)** Drafting Special Counsel's Attorneys' Final Application For Allowance of Compensation and Reimbursement of Costs and Expenses, Notices and Orders; and, **7)** Representation at Court hearings.

15. All of the professional services performed were actual and necessary for the proper representation of the Debtors as Chapter 11 Debtors in Possession and Reorganized Debtors and in furtherance of the Debtors' reorganization; and, as such, all of the services rendered were authorized pursuant to this Court's Order Authorizing Employment Of Counsel

and benefited the estate. No time has been included for services that are in the nature of clerical work. The Attorneys further stating that there has been no duplication of services by Monica C. O'Brien, Rachel S. Sandler, Dennis E. Quaid or Gregory K. Stern.

16. The value of the professional services rendered by the Attorneys to the Debtors, as Debtors In Possession, covered by this Application is $168,831.00.

17. Actual and necessary costs in the amount of $1,905.48 have been expended by the Attorneys as detailed on the Time Sheets attached to the First, Second and Third Applications and this Application. Costs include filing fees, postage, witness fees, court reporter costs, copying charges provided by an outside service, and copying charges at the rate of ten cents (.10) per copy.

18. The Attorneys anticipate providing professional services to the Reorganized Debtors after March 9, 2016, on an as needed basis and will bill the Reorganized Debtors directly for all such professional services rendered in addition to the amounts sought herein.

**WHEREFORE**, Gregory K. Stern, Monica C. O'Brien, Dennis E. Quaid and Rachel S. Sandler pray for entry of an Order, pursuant to § 330 of the Bankruptcy Code, allowing Gregory K. Stern, P.C. final compensation in the amount of $168,831.00 for actual and necessary professional services rendered and reimbursement in the amount of $1,905.48 for actual and necessary costs and expenses incurred; authorizing and directing the Debtors to pay the unpaid balance of allowed final compensation and reimbursement of costs and expenses of $137,899.39 as a priority cost of administration; and, for such other relief as this Court deems just.

By:   /s/ Gregory K. Stern
Gregory K. Stern, Esq.

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID #6216626)
Dennis E. Quaid (Atty. ID #02267012)
Rachel S. Sandler (Atty. ID #6310248)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558